IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,704-01






EX PARTE PHILLIP ALAN ADAMS, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 10,947-A IN THE 29TH JUDICIAL 

DISTRICT COURT OF PALO PINTO COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of capital murder and was sentenced to a term of life in
prison. The conviction was affirmed on direct appeal in an unpublished opinion. Adams v.
State, No. 11-00-00114-CR (Tex. App.--Eastland May 30, 2002, pet. ref'd).

 In this application for a writ of habeas corpus, Applicant makes fifty-one claims that
can be divided into ten categories: trial court error, jury charge error, trial court bias, Brady
violations, prosecutorial misconduct, Miranda violations, unlawful search and seizure claims,
a claim of cruel and unusual punishment, a speedy trial claim, and assertions of ineffective
assistance of trial and appellate counsel. The State has not responded, and while the trial
court has entered findings of fact, it is this Court's opinion that additional information is
needed before a decision may be rendered. Because this Court does not hear evidence,
though, the trial court is the appropriate forum. See Ex parte Rodriguez, 334 S.W.2d 294,
294 (Tex. Crim. App. 1960).

 In its findings, the trial court indicates that most of Applicant's claims were previously
denied by the court "either in pretrial hearings, during the trial or in post-trial hearing on a
Motion for New Trial." But Applicant has alleged additional facts and claims in his
application that, if true, may entitle him to relief. The trial court shall, therefore, resolve the 
issues raised in the application as set out in Article 11.07, Section 3(d), of the Texas Code
of Criminal Procedure, by holding an evidentiary hearing. After such a hearing, the trial
court shall make further findings of fact and conclusions of law regarding Applicant's Brady
violation claims (numbers 7, 12, 17, and 19), his prosecutorial misconduct claim (number 
42), and his ineffective assistance of trial and appellate counsel claims (numbers 38, 47, 50,
and 51). (1) The trial court shall also make any further findings of fact and conclusions of law
concerning Applicant's other claims that it deems relevant and appropriate to the disposition
of Applicant's application for habeas corpus relief. Further, the trial court shall supplement
the record to this Court with the trial transcript, including any pre-trial hearings, the trial, and
any post-trial hearings.

 Before holding the evidentiary hearing concerning this writ application, the trial court
shall first determine whether Applicant is indigent. If the trial court finds that Applicant is
indigent, and Applicant desires to be represented by counsel, the trial court will then,
pursuant to the provisions of Article 26.04 of the Texas Code of Criminal Procedure, appoint
an attorney to represent him at the hearing. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 120 days of the date of this order. (2) A supplemental
transcript containing all affidavits and interrogatories and the transcription of the court
reporter's notes from the hearing or any deposition along with the trial court's supplemental
findings of fact and conclusions of law and the transcriptions previously discussed, shall be
returned to this Court within 180 days of the date of this order. (3)




DELIVERED: October 4, 2006

DO NOT PUBLISH


 
1. The claims to be resolved are set out in more detail as follows: 


Brady Violation Claims: (7) State suppressed its illegal seizure of a red spiral tax ledger taken by
Deputy Goin and Deputy Cris Cogdill from Applicant's pick-up truck under the guise of an
inventory search, which notebook contained documentation concerning Applicant's yearly earnings,
expenses, expense receipts dating up to December 26, 1996, and which would have demonstrated
that Applicant was not "broke" as alleged by the State in support of his motive to commit a robbery;
(12) State deliberately suppressed material exculpatory evidence consisting of two Hood County
inmate-request-for-appointed-counsel forms and six "Jail-Kites" requesting appointment of counsel;
(17) State deliberately suppressed material impeachment material consisting of the disciplinary
actions of Hood County Deputies Goin and Law; and (19) State destroyed and suppressed a material
exculpatory document, a "Jail-Kite" generated January 3, 1997, which withdrew Applicant's consent
to search;


Prosecutorial Misconduct Claims: (42) State manufactured false evidence and knowingly used the
perjured testimony of Deputy Goin, Officer Roger Brock, Dr. Gill King, Gary Miller, Kelly Smith,
Glen Casey, Carol Roberts, Nanette Cane, Sheila Cross Brown, and Pat Radamacher; and


Ineffective Assistance of Trial and Appellate Counsel: (38) Applicant was denied his right to
effective assistance of appellate counsel because the court reporter failed to transcribe fourteen bench
conferences as required under Tex. R. App. Proc. 13.1 and 13.2 (a)(3), and was not excused by the
parties in making the transcription; (47) Applicant was denied his right to effective assistance of
appellate counsel because the trial judge failed to make required specific findings of fact under Tex.
Code Crim. Proc. art. 38.22 § 6, when Applicant challenged the voluntariness of the statements he
gave Deputy Goin during custodial interrogation; (50) Trial counsel provided ineffective assistance
at all phases of Applicant's case; and (51) Appellate counsel provided ineffective assistance by
failing to raise meritorious issues at the motion for new trial hearing and on direct appeal,
specifically, those raised in the habeas application that should have been raised on direct appeal.
2. [2] In the event any continuances are granted, copies of the order granting the continuance shall
be provided to this Court.
3. [3] Any extensions of this time period shall be obtained from this Court.